IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

KRISTIN REHMANN, )
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　)
　　　　Plaintiff, )
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　)
vs. )
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　)
BURLINGTON ENVIRONMENTAL, )
LLC., )
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　)
　　　　Defendant. )
_____ ) Case No. 3AN-15-7444CI

RECEIVED JUN 05 2015 BARBER & ASSOCIATES LL

COPY
Original Received
JUN 0 5 2015
Clerk of the Trial Courts

## COMPLAINT

COMES NOW the plaintiff, KRISTIN REHMANN, by and through her attorneys, BARBER & ASSOCIATES, LLC, and for her complaint against defendant BURLINGTON ENVIRONMENTAL, LLC, does state and allege as follows:

1. That at all times material hereto, plaintiff was and is a resident of Anchorage, Alaska.

2. That at all times material hereto, defendant was and is an Alaska limited liability company doing business in Anchorage, Alaska.

3. The defendant is liable for the acts or failures to act of its employees and/or agents and/or principals under theories of vicarious liability and/or agency and/or respondeat superior.

4. On or about 8/19/13, Robert E. McMahon Jr. was an employee of the

4044/01 Complaint
Rehmann v Burlington Environmental, LLC
Page 1

Exhibit A
Page 1 of 4

Case 3:15-cv-00116-TMB   Document 1-1   Filed 07/07/15   Page 1 of 4

defendant.

5. On or about 8/19/13, Robert E. McMahon Jr. negligently and/or recklessly operated a 2008 Ford vehicle, license plate #GHU491, near the intersection of Lake Otis Boulevard and E. 79th Avenue in Anchorage, Alaska, colliding with a vehicle driven by the plaintiff thereby causing injury to the plaintiff for which the defendant is liable.

6. Robert E. McMahon Jr. was on a job related trip when the collision occurred.

7. Robert E. McMahon Jr. was working in the course and scope of his employment with the defendant when the collision occurred.

8. Robert E. McMahon Jr. was turning from 79th Avenue. onto Lake Otis Parkway when the collision occurred.

9. The plaintiff was driving south on Lake Otis Parkway when the collision occurred.

10. Lake Otis Parkway is a straight road near the intersection of 79th Avenue.

11. Robert E. McMahon Jr. had an unobstructed view of the southbound traffic on Lake Otis Parkway before he pulled out from 79th Avenue.

12. Robert E. McMahon Jr. saw the plaintiff's vehicle approaching on Lake Otis Parkway before he attempted to pull out from 79th Avenue.

BARBER & ASSOCIATES, LLC
ATTORNEYS AT LAW
821 "N" STREET, SUITE 103
ANCHORAGE, ALASKA 99501
PHONE: (907) 276-5858
FAX: (907) 276-5817

3000/01 Complaint
Rehmann v Burlington Environmental, LLC
Page 2

Exhibit A
Page 2 of 4

13. The investigating police officer indicated in the police report that Robert E. McMahon Jr. failed to yield the right of way to the plaintiff.

14. The investigating police officer determined that Robert E. McMahon Jr. failed to yield the right of way to the plaintiff.

15. The investigating police officer cited Robert E. McMahon Jr. for failing to yield the right of way to the plaintiff.

16. Robert E. McMahon Jr. failed to yield the right of way to the plaintiff.

17. The investigating police officer indicated on the police report that no improper driving by the plaintiff contributed to the collision.

18. The investigating police officer determined that no improper driving by the plaintiff contributed to the collision.

19. No improper driving by the plaintiff contributed to the collision.

20. The defendant is not blaming the plaintiff for causing the collision.

21. The defendant's employee was careless.

22. The defendant's employee was negligent.

23. The defendant's employee was reckless.

24. The defendant's employee should have waited longer until traffic cleared before pulling onto Lake Otis Parkway.

25. The defendant is liable for past and/or future: medical expense,

3000/01 Complaint
Rehmann v Burlington Environmental, LLC
Page 3

BARBER & ASSOCIATES, LLC
ATTORNEYS AT LAW
821 "N" STREET, SUITE 103
ANCHORAGE, ALASKA 99501
PHONE: (907) 276-5858
FAX: (907) 276-5817

Exhibit A
Page 3 of 4

Case 3:15-cv-00116-TMB   Document 1-1   Filed 07/07/15   Page 3 of 4

wage loss, diminished earning capacity, pain, suffering, disability, loss of capacity for enjoyment of life, inconvenience, physical impairment, loss of non-market household services, and other non-pecuniary damages to be more fully set forth at trial, all in an amount greater than $100,000.00 (ONE HUNDRED THOUSAND DOLLARS), the exact amount to be set by the trier of fact.

26. The defendant is liable for full reasonable attorney fees pursuant to AS 09.17.060.

26. The defendant is liable for negligent training and/or supervision.

27. The defendant is liable for punitive and/or exemplary damages for conduct evidencing reckless indifference to the interests of others and/or outrageous conduct which was a substantial factor in causing harm to the plaintiff.

WHEREFORE, having fully pled plaintiff's complaint, plaintiff requests a judgment against the defendant for an amount greater than $100,000.00 (ONE HUNDRED THOUSAND DOLLARS) to be established by the trier of fact, plus interest, costs and attorney fees and such other relief as the court deems just.

DATED at Anchorage, Alaska this 4th day of June, 2015.

BARBER & ASSOCIATES, LLC
Attorneys for Plaintiff

By: _____ 1205041
for JEFF BARBER
AK Bar #0111058

3000/01 Complaint
Rehmann v Burlington Environmental, LLC
Page 4

Exhibit A
Page 4 of 4